UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARANADA CARSON, JR.,

        Petitioner,

v.

        Case Number: 2:24-cv-11448
        Honorable Sean F. Cox

WARDEN,

        Respondent.
_____/

**<u>OPINION AND ORDER (1) DENYING THE MOTION TO STAY,
(2) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,
(3) DENYING A CERTIFICATE OF APPEALABILITY,
AND (4) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    INTRODUCTION**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Taranada Carson, Jr. ("Petitioner") was convicted by a jury of second-degree murder and second-degree home invasion in the Wayne County Circuit Court. ECF No. 1. Petitioner was sentenced to concurrent terms of 20 to 40 years' imprisonment for the murder conviction and 10 to 20 years' imprisonment for the home invasion conviction. Petitioner now challenges his convictions and sentence on the basis that (1) the trial court improperly scored offense variable 7, (2) trial and appellate counsel were ineffective, (3) his Sixth Amendment right to counsel was violated during arraignment, and (4) the jury verdict form was unconstitutional. Petitioner filed a motion to stay the case and hold the petition in abeyance while he returns to state court to exhaust his claims. ECF No. 5.

Having reviewed the matter and for the reasons set forth, the Court concludes that Petitioner has not properly exhausted state court remedies as to each of his habeas claims and a

stay is unwarranted. Therefore, the Court shall deny the motion to stay and dismiss without prejudice the habeas petition. The Court shall also deny a certificate of appealability and deny leave to proceed *in forma pauperis* on appeal.

## II.     PROCEDURAL HISTORY

On January 30, 2015, a Wayne County jury convicted Petitioner of second-degree murder, Mich. Comp. Laws § 750.317, and second-degree home invasion, Mich. Comp. Laws § 750.110a(3). Petitioner filed a direct appeal with the Michigan Court of Appeals, raising claims concerning evidentiary error; jury instructions; ineffective assistance of trial counsel for failing to adequately impeach a witness, failing to call an expert witness, and advising Petitioner not to testify at trial; sufficiency and great weight of the evidence; failure to preserve evidence; and sentencing error. On October 13, 2016, the Michigan Court of Appeals affirmed his convictions, but vacated his sentence and remanded the case to the trial court for resentencing. *People v. Carson*, No. 326410, 2016 WL 5956030, at *10 (Mich. Ct. App. Oct. 13, 2016). On September 15, 2021, the trial court resentenced him to concurrent terms of 20 to 40 years' imprisonment for the murder conviction and 10 to 20 years' imprisonment for the home invasion conviction.

Petitioner appealed his amended sentence to the Michigan Court of Appeals, which affirmed his sentence in an unpublished per curiam opinion on March 2, 2023. *People v. Carson*, No. 359163, 2023 WL 2334703, at *2 (Mich. Ct. App. Mar. 2, 2023). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On September 5, 2023, the court denied the application on the basis that it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Carson*, 512 Mich. 916, 994 N.W.2d 249 (2023). Petitioner did not file a petition for certiorari in the United States Supreme Court.

On May 28, 2024, Petitioner filed this habeas action raising four claims that (1) the trial court improperly scored offense variable 7, (2) trial and appellate counsel were ineffective, (3) his Sixth Amendment right to counsel was violated during arraignment, and (4) the jury verdict form was unconstitutional.[1] Petitioner concedes that only his sentencing claim was properly presented to the state courts.

### III.     ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

---

[1] The Court's initial review shows that although Petitioner raised various ineffective assistance of counsel claims in his initial appeal, he did not present these new ineffective assistance of counsel claims to the state courts.

Petitioner fails to meet his burden of demonstrating exhaustion of state court remedies. In fact, he admits that he has not properly presented his second, third, and fourth claims to the state courts. He asserts that these claims were newly discovered. ECF No. 1, PageID.8-11. Petitioner has thus failed to fully exhaust all of his habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a federal habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-135 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the

petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 raising his unexhausted claims before the state trial court and then pursue those claims in the state appellate courts as necessary.

A stay, however, is unwarranted. First and foremost, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues state court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of Petitioner's direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about December 4, 2023. The one-year period then ran until May 28, 2024 when Petitioner submitted his federal habeas petition to prison officials for mailing to the Court.

5

Consequently, a little less than six months of the one-year period had run when he instituted this action.

While the time in which the habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-1089 (E.D. Mich. 2004). The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that more than six months of the one-year period remains, Petitioner has ample time in which to fully exhaust all of his habeas claims in the state courts and then return to federal court on a perfected petition should he wish to do so. A stay is unnecessary.

Additionally, while there is no evidence of intentional delay, Petitioner fails to establish good cause for not exhausting all of his claims in the state courts before seeking federal habeas review. Lastly, Petitioner's unexhausted claims concern matters of federal law and may not be plainly meritless. His unexhausted claims should thus be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court cannot apply the standard of 28 U.S.C. § 2254.

### IV.    CONCLUSION

For the reasons stated, the Court concludes that Petitioner has filed a "mixed petition" containing both exhausted and unexhausted claims, that he has available state court remedies by which to exhaust his unexhausted claims, and that a stay of the proceedings is unwarranted.

Accordingly, the Court denies the motion to stay and dismisses without prejudice the habeas petition.  Should Petitioner wish to delete the unexhausted claims and proceed only on his

fully exhausted claim, he may move to re-open this case and amend his habeas petition to proceed only on the properly exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of the habeas claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court denies Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Dated: July 24, 2024              s/Sean F. Cox
                                  Sean F. Cox
                                  U. S. District Judge

I hereby certify that on July 24, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                  s/J McCoy
                                  Case Manager